Joseph A. Kaufman, No. 228319
**LEMON LAW AID, INC.**
117 E. Colorado Blvd., Suite 460
Pasadena, CA 91105
Telephone: 626-250-0405
Facsimile: 626-768-7066
joe@lemonlawaid.com

Shawna Melton, No. 276989
Amy L. Hajduk, No. 230211
**MELTON LAW GROUP**
128 W Avenida Ramona
San Clemente CA 92672
Telephone: 949-668-0580
shawna@melton-law.com
amy@melton-law.com

Attorneys for Plaintiff ANNA DOLMAZYAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA DOLMAZYAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUBARU OF AMERICA, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:20-CV-02132 TJH (KSx)<br><br>**PLAINTIFF ANNA DOLMAZYAN'S NOTICE OF MOTION AND MOTION FOR REMAND AND REQUEST FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Filed concurrently with Declaration of Amy L. Hajduk, Esq.; [Proposed] Order]<br><br>Date: May 4, 2020<br>Time: UNDER SUBMISSION<br>Place: Courtroom 9B |

TO THE HONORABLE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on May 4, 2020, in Courtroom 9B of the United States District Court, Central District of California, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Anna Dolmazyan ("Plaintiff") will and hereby does

move for an order remanding this case to the Los Angeles County Superior Court. Plaintiff's motion is brought pursuant to the provisions of 28 U.S.C. section 1447 based upon the following grounds:

1. The Court lacks subject matter jurisdiction over this action because there is no federal question, no diversity jurisdiction and the amount in controversy does not meet the jurisdictional requirement of $75,000.

2. Remand is proper because comity principles weigh heavily in favor of this matter remaining in California state court.

This motion is made following a conference of counsel attempt pursuant to L.R. 7-3 which occurred via e-mail on March 20, 2020; due to the COVID-19 Pandemic and Governor Newsom's statewide lockdown instructions, Plaintiff emailed Defendant Subaru of America's counsel on March 20, 2020 to meet and confer about this motion, but did not receive any response. (Hajduk Declaration, ¶2).

Pursuant to 28 U.S.C. Section 1447(c), Plaintiff is entitled to reasonable attorney's fees and costs associated with this remand motion, and Plaintiff requests $3,150 be awarded in her favor and against Defendant Subaru of America, Inc. and/or its counsel of record Lehrman Law Group by Kate Lehrman, Daniel Villegas, and Danielle Duarte.

The grounds for this motion are set forth more fully in the following memorandum of points and authorities, the accompanying declaration of Amy L. Hajduk, Esq., and any further papers, records, and files herein, and upon such oral evidence that may be presented at or before this hearing on this matter.

Date:   April 3, 2020                      MELTON LAW GROUP


                                           By: /s/ Amy L. Hajduk
                                               SHAWNA MELTON
                                               AMY L. HAJDUK
                                               Attorneys for Plaintiff ANNA DOLMAZYAN

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a consumer protection case where Plaintiff seeks restitution from Defendant SUBARU OF AMERICA ("Subaru" or "Defendant") for violating the Song Beverly Consumer Warranty Act ("SBA" or "Act"). Defendant removed this case to federal court not because it belongs there, but rather to delay the process, increase costs, delay resolution, and thereby delay any recovery and payment to Plaintiff.

Plaintiff urges the Court to remand this matter back to the Superior Court of California for lack of subject matter jurisdiction. First, a careful analysis of Subaru's removal papers and its own valuation of the case exposes a poor attempt to mislead the Court as to Plaintiff's damages *and* a reasonable estimate of Plaintiff's attorney's fees and costs. The amount in controversy involved here simply does not meet the $75,000.00 threshold, meaning diversity jurisdiction does not exist.

Second, Subaru failed to establish that diversity of citizenship exists between the Plaintiff and Defendant, which is Subaru's burden to prove. Defendant's moving papers and evidence do not establish, by a preponderance of the evidence, that Plaintiff and Subaru were diverse at the time of removal. Without such proof, diversity of citizenship fails rendering subject matter jurisdiction improper.

Additionally, comity principles favor remand. Plaintiff's causes of action against Defendant are for breach of warranty under the SBA, a distinctly state statute existing for nearly 50 years embodying California's strong pro-consumer position. In short, Plaintiff's claims involve California laws at their core, as mandated by the legislature and carried out by state courts, which is the most appropriate forum.

## II. STATEMENT OF FACTS

On March 19, 2017, over three years ago, Plaintiff leased a 2017 Subaru Outback Wagon ("vehicle"). (Hajduk Dec., ¶3; see also Subaru's Removal Notice, Exhibit C). The lease required a $2,000 amount due at lease signing, and included a $300 disposition fee at the end of the lease. (*Id.*) The lease term was 36 months, ending on March 19,

**PLAINTIFF'S MOTION FOR REMAND**

2020.  (*Id.*)  Monthly payments under the lease were $456.46, for a total amount of $16,432.56 in lease payments over the 36 month term.  (*Id.*)  Plaintiff returned the Vehicle to Subaru of Glendale on March 17, 2020.  (Hajduk Dec., ¶3).  Thus, the total amount of money paid by Plaintiff under the lease was approximately $18,276.10.  (Hajduk Dec., ¶3; see Subaru's Removal Notice, Exhibit C).

The Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty, including repeated, pervasive problems with the hill assist function, braking system, rear hatch, sensors, electrical system, delay in engagement.  (Hajduk Dec., ¶4).  Plaintiff presented the Vehicle to Subaru or its authorized repair facilities on at least four occasions but the problems remain unrepaired, ongoing, and existed even at the time the Plaintiff returned the Vehicle to Subaru at the end of the lease in March 2020.  (Hajduk Dec., ¶4).

On November 22, 2019, Plaintiff's counsel sent a pre-lawsuit demand letter to Subaru seeking a repurchase of the Vehicle under the SBA.  (Hajduk Dec., ¶5).   Subaru did not respond to the pre-litigation demand.  (Hajduk Dec., ¶5).  Plaintiff filed her lawsuit against Subaru entitled *Anna Dolmazyan v. Subaru of America, Inc., et al.* (case number 20STCV04098) on January 13, 2020 in Los Angeles County Superior Court, alleging claims under the SBA for breach of implied warranty and breach of express warranty.  (Hajduk Dec., ¶5).  Subaru filed its removal papers on March 4, 2020.  Upon reviewing Subaru's removal notice, it was discovered that Defendant failed to establish the amount in controversy and diversity of citizenship requirements for subject matter jurisdiction.  Plaintiff timely met and conferred with Subaru's counsel on March 20, 2020, but Subaru did not respond, forcing Plaintiff to file this motion.  (Hajduk Dec., ¶2).

### III.   STANDARD FOR REMAND

Title 28 of the United States Code section 1441(b) provides that a defendant may remove any civil action brought in a State court where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. See also 28 U.S.C. § 1332.  A motion to remand is the proper procedure for challenging removal. *N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.

1995). Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." (28 USC § 1447(c); see *Buchner v. FDIC*, 981 F.2d 816, 820 (5th Cir. 1993). Plaintiff seeks removal for lack of subject matter jurisdiction. A motion for remand is proper where there is no diversity of citizenship or the claims do not in fact arise under federal law. Here, Plaintiff's claims arise under a state warranty statute, not federal law. Section 1447(c) mandates remand of state law claims where the court lacks removal jurisdiction, for example where there is no federal question or diversity at the time of removal. *Polo Innoventions Int'l, LLC,* 833 F.3d 1193, 1196 (9th Cir. 2016).

The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); See also *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083 (9th Cir. 2009). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *Id.*; See also *Gaus*, 980 F.2d at 566; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The Ninth Circuit has held that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). In ruling on a remand motion, the court ordinarily determines removability from the complaint as it existed at the time of removal, together with the removal notice. If the complaint is unclear as to grounds for removal, it is proper to consider the entire record of the state proceedings. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)

Defendant must prove by a preponderance of evidence that diversity exists and the amount in controversy threshold has been met. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1991); *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1000 (C.D. Cal. 2002). Defendant has not met this heavy burden here. The case should be remanded because Subaru failed to establish diversity of citizenship and the amount in controversy. Comity principles also weigh heavily in favor of remand.

**PLAINTIFF'S MOTION FOR REMAND**

**A. Subaru's Removal Papers Fail to Establish the Amount in Controversy Requirement on their Face**

Where a complaint does not specify a particular amount of damages, the Ninth Circuit has held that the removing party bears the burden of establishing, by preponderance of the evidence, that the recovery sought meets the amount in controversy requirement. *Abrego v. The Dow Chemical Co.*, (443 F.3d 676, 683 (9th Circ. 2006). Where the burden is not met, the case must be remanded to the state court where it was originally filed. Fed. R. Civ. Pro. 1447(c). The amount in controversy is "determined at the time the action commences." *Hill v. Blind Industries and Services of Maryland*, 179 F.3d 754, 757 (9th Cir. 1999). Subaru's removal papers fail to establish that the recovery sought will meet the amount in controversy requirement. Subaru's Removal Notice states that the total paid under the lease agreement is $18,276.10, woefully short of the $75,000 jurisdictional amount. (See Subaur's Removal Notice, ¶14). Even adding in a full two-times civil penalty only yields $54,828.30, still over $20,000 short of the required amount in controversy.

*1.    Damages Available Under the Song-Beverly Act*

Plaintiff's complaint does not specify a dollar amount of damages. (See Subaru's Removal Notice, Exhibit A). Under the SBA, a plaintiff who prevails on a breach of express warranty claim is entitled to: either repurchase or replacement (at the consumer's election) of the defective vehicle plus incidental and consequential damages. (Cal. Civil Code sections 1793.2(d)(2), 1794(b)). A buyer electing repurchase is entitled to:

> an amount equal to the actual price paid or payable by the buyer, including charges for transportation and manufacturer-installed options….and including any collateral charges such as sales or use tax, license fees, registration fees, and other official fees, plus any incidental damages….under Section 1794, including, but not limited to, reasonable repair, towing and rental car costs actually incurred…

-6-

**PLAINTIFF'S MOTION FOR REMAND**

Civil Code section 1793.2(d)(2)(B). Thus, there is a specific statutory calculation governing the amount of damages Plaintiff can recover here for express warranty breach: the monies she paid under the 3 year lease, including money due at signing, sales tax, license fees, registration fees, official fees, collateral charges like a disposition fee at lease end, plus incidental damages.

Subaru's Removal Notice states the total sum paid under the lease agreement is $18,276.10. (See Subaru's Removal Notice, ¶14, Exhibit C). This amount falls far short of the $75,000 statutory amount in controversy required for diversity jurisdiction. Further, two months before litigation commenced, Plaintiff sent a demand letter to Subaru seeking a repurchase, but Subaru never responded. (Hajduk Dec., ¶5). Thus, a reasonable inference based on Subaru's failure to respond is that Subaru valued the case at zero dollars ($0.00). And Subaru's valuation of the case at zero could not have changed between the pre-suit demand letter, sent in November 2019, and their removal documents filed four months later on March 4, 2020. In fact, Subaru's answer denies every allegation and denies that Plaintiff was injured. (See Subaru's Removal Notice, Exhibit B). Thus, at the time of removal, Subaru valued the case at zero dollars.

It is true that the SBA provides Plaintiff with two other forms of damages/remedies for an express warranty breach that could, theoretically, increase the amount in controversy, namely: fees and penalties. However, the problems with using these types of damages to calculate the amount in controversy at the time of removal are two-fold: 1) penalties are not mandatory; 2) fees and costs, while mandatory to a prevailing plaintiff, are also subject to the Court's discretion and therefore speculative.

Regarding civil penalties, the SBA permits a prevailing plaintiff to recover up to two-times his actual damages (civil penalties) in two circumstances: 1) if he proves a violation of Section 1793.2(d)(2) (repurchase provision) (Cal. Civil Code section 1794(e) or 2) if he can show that a manufacturer's failure to comply with any obligation under the Act was willful. (Cal. Civil Code section 1794(c)). Subaru calculates Plaintiff's repurchase amount at $18,276.10, even a full two times civil penalty would only yield an

additional $36,552.20, for a total of $54,828.30 – more than $20,000 short of the $75,000 jurisdictional amount. But Subaru values the case at zero, so zero plus zero equals zero.

Moreover, Subaru misleads the Court by excluding from the repurchase amount certain known offsets it would certainly demand at some point, including but not limited to a statutory mileage offset. (See Cal. Civil Code section 1793.2(d)(2)(C).) The offset is determined by dividing the mileage on the vehicle at the time it is first delivered for correction of the problem that gave rise of the nonconformity by 120,000, and then multiplying the resulting number by the actual price of the new motor vehicle at the time of sale. *Id*. If the parties reach a settlement, Subaru undoubtedly will ask for the highest mileage offset possible based on the repair history. Assuming Subaru chose the second repair visit mileage to calculate the offset, it would be: 28,509 miles/120,000 x $36,965 (value of vehicle) = $8,781.95. (Hajduk Dec. ¶4). A mileage offset of this amount would significantly reduce Plaintiff's base damages to $9,494.15 ($18,276.10 paid amount - $8,781.95 offset). A full double civil penalty on this reduced amount would be $28,482.45. However it would be calculated, the mileage offset would result in a damages amount woefully short of the $75,000 amount in controversy requirement.

**B. Subaru's Estimated Attorney's Fees are Misleading and Should be Rejected**

Regarding costs and fees, the SBA states that a prevailing plaintiff is entitled to statutory "costs and expenses including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." (Cal. Civil Code section 1794(d)). Truly, attorney's fees and costs are speculative now and at the time of removal.

Subaru attempts to overcome its obvious amount in controversy deficiencies by the inclusion of attorney's fees and costs. Indeed, this strategy also fails. In support of this failing argument, Subaru relies upon the recently decided *Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F.3d 785 (9th Cir. 2018). Defendant notes that the court in *Fritsch* held that "if a plaintiff would be entitled…to future attorneys' fees, such fees

-8-

are at stake in litigation and should be included in the amount in controversy for diversity purposes. See *Fritsch,* 899 F.3d at 788. While true, Subaru conveniently left out that the *Fritsch* court also stated that "we require a removing defendant to prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence. *Id*. at 795. Furthermore, the court noted that "a district court may reject the defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden," and that "district courts are well equipped to determine…when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Id*.

Bearing in mind that Subaru has to prove the amount in controversy by a preponderance of the evidence, the Defendant's Notice of Removal fails to present any evidence as to the amount of attorney's fees and costs in this case at the time of removal! Subaru's Removal Notice, at paragraph 17, is the only portion that discusses specific amounts of fees and costs in the context of SBA cases. (See Subaru's Removal Notice, ¶17). Subaru points to attorney's fees awarded in two published court opinions for BMW cases from 2010 and 2016. Then, Exhibits D-F in Subaru's removal papers contain declarations from Plaintiff's counsel in other lemon law cases; although unclear from the language therein, the declarations seem to involve cases that settled before trial in state court. These declarations are not probative or useful in determining fees and costs in federal court or for a case that might resolve at trial instead of settlement. None of this is competent evidence to establish by a preponderance what the actual fees/costs will be in this case, or that the attorney's fees and costs in this case will cause the amount in controversy to exceed $75,000.00. Critically, Subaru provided no admissible evidence of the fees and costs at the time of removal.

When it suits a manufacturer's purpose, like a removal notice to establish $75,000 amount in controversy, Subaru inflates the plaintiff's projected attorney's fees and costs. However, when it comes time for an actual fees and costs motion at the end of the case, manufacturers like Subaru claim the exact opposite, litigating these motions fiercely and

-9-

**PLAINTIFF'S MOTION FOR REMAND**

1  cautioning courts that consumer attorney's do not deserve a fees and costs award that is
2  fully compensatory. The gamesmanship that manufacturers undertake involving
3  attorney's fees and costs in the context of SBA claims is significant and should not be
4  discounted here when deciding whether to include speculative amounts of fees and costs
5  to meet the $75,000 jurisdictional threshold.
6      Simply put, this Court is well equipped to determine that Subaru's fee estimate is
7  far too speculative and not in accordance with the facts. Accordingly, Subaru's
8  misleading and self-serving addition of attorneys' fees to the amount in controversy
9  should be rejected.

**C. Subaru Failed to Establish the Diversity of Citizenship Requirement**

    To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

    Here, Subaru has failed to establish Plaintiff's actual citizenship, and by failing to do so, Subaru cannot establish diversity between itself and Plaintiff. Therefore, Subaru has not shown diversity of citizenship exists. The only thing that Subaru's Notice of Removal states about Plaintiff's citizenship to support a claim of diversity is:

> Plaintiff Anna Dolmazyan is the only named plaintiff. Plaintiff, at the time this action was commenced, was and still is a citizen of the State of California, County of Los Angeles, as established by the Motor Vehicle Lease Agreement for the subject vehicle.

(See Subaru's Removal Notice, ¶5). The only evidence Subaru provides to support this allegation is a copy of the Vehicle lease agreement attached as Exhibit C to Defendant's Removal papers. First, the lease agreement does not establish Ms. Dolmazyan's citizenship or even residency; at best it might be some proof towards showing her domicile on March 17, 2017. But even establishing domicile, where she lives, based off

-10-

**PLAINTIFF'S MOTION FOR REMAND**

a lease agreement, is speculative and uncertain. For example, the lease agreement could use a business address for Ms. Dolmazyan instead of her home address. Second, the lease agreement, on its face, is dated March 17, 2017, over three years ago. This is insufficient to establish by a preponderance of the evidence that at the time of removal three years later on March 4, 2020, Ms. Dolmazyan is a citizen of California, a citizen of the U.S., and is diverse from Subaru *at the time of removal*.

Subaru has the burden here. Without any evidence showing diversity of citizenship between Plaintiff and Defendant, Subaru has failed to satisfy its burden of proof that diversity jurisdiction exists in this matter and remand is proper.

**D. Comity Principles Weigh Heavily in Favor of Remand**

Courts have the authority to "veto" the exercise of jurisdiction and, in fact, are encouraged to do so where its exercise of jurisdiction would be inconsistent with proper management of the federal judicial system or could interfere with state authority. *Garble & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 313-314 (2005). Considering that Plaintiff's express and implied warranty claims rely entirely on California state law, California state courts are the more appropriate venue for this case.

The Song Beverly Consumer-Warranty Act is purely a state creation, embodying an entire system of statutory schemes, guidance, and regulations that implements heavily pro-consumer public policy determined by the California legislature and administered by the California courts. (*See, e.g., Kwan v. Mercedes-Benz of North America, Inc.* (1994) 23 Cal.App.4th 174, 184 ("the Act is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action.") A determination of the applicability and potential remedies available for a breach of the Act requires analysis and interpretation of numerous other California statutes as well, including but not limited to, the California Uniform Commercial Code, California Civil Code and California Business and Professions Code. Exercising federal jurisdiction over this case would undermine California's authority over its own statutes, regulatory programs, and public policies. With respect to these

concerns, even if the Court believes it has jurisdiction, it should decline to exercise it here and remand the case back to California state court.

### E. Plaintiff is Entitled to Reasonable Attorney's Fees and Costs

28 U.S.C. § 1447(c) states "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." When removal of an action is improper, the plaintiff may be entitled to recover attorney's fees, costs, and expenses associated with opposing removal, regardless of whether the action was 'removed in bad faith.' *Mints v. Educational Testing Serv.,* 99 F.3d 1253, 1259 (3d Cir. 1996). "[A] district court has broad discretion and may be flexible in determining whether to require the payment of fees under section 1447(c)." *Id.* at 1260. In *Martin v. Franklin Capital Corp.,* 46 U.S. 132 (2005), the United States Supreme Court considered the policy behind § 1447(c). In so doing, the Court noted that:

> "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied….Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."

*Martin*, 546 U.S. at 140-141.

Here, Plaintiff initiated her lawsuit in state court, alleging claims under the California Song-Beverly Act, which are entirely embedded in California state law. No federal question was raised and no diversity between the parties has been proven by Subaru, nor as the amount in controversy been established by Subaru by a preponderance of the evidence. As such, Defendant did not have and cannot show an objectively reasonable basis for seeking removal. To the contrary, Subaru attempted to cause delay of the action by misleading the Court with both the total value of the amount paid for the

-12-

**PLAINTIFF'S MOTION FOR REMAND**

car, as well as a dubious estimate for attorneys' fees. This includes Subaru's deliberate choice to exclude known offsets available under the law.

Plaintiff attempted to meet and confer with Defendant in an effort to avoid this motion. Defendant did not even respond, leaving Plaintiff no choice but move forward. (Hajduk Dec., ¶2). For the reasons stated, Plaintiff is entitled to reasonable attorney's fees and costs, pursuant to 28. U.S.C. Section 1447(c). Thus, Plaintiff requests same in the amount of $3,150.00. (Hajduk Dec., ¶6).

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court remand the case back to state court where jurisdiction is proper and best suited for the facts and claims in this case. Further, Plaintiff also requests that reasonable attorneys' fees and costs in the amount of $3,150 be awarded in accordance with 28 U.S.C. Section 1447.

Date:  April 3, 2020                MELTON LAW GROUP


By: /s/ Amy L. Hajduk
    SHAWNA MELTON
    AMY L. HAJDUK
    Attorneys for Plaintiff ANNA DOLMAZYAN

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2020, I electronically filed and served the following listed document with the Clerk of this Court, using the CM/ECF System. In accordance with the electronic filing procedures of this Court, service has been effected on the party(s) identified below, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF System:

**DOCUMENT SERVED:** **PLAINTIFF ANNA DOLMAZYAN'S NOTICE OF MOTION AND MOTION FOR REMAND AND REQUEST FOR FEES AND COSTS; MEMORANDUM OF POINTS AND AUTHORITIES**

**PARTY SERVED:**

Kate S. Lehrman, klehrman@lehrmanlawgroup.com

Daniel R. Villegas, dvillegas@lehrmanlawgroup.com

Danielle N. Duarte, dduarte@lehrmanlawgroup.com

LEHRMAN LAW GROUP

12121 Wilshire Blvd., Suite 1300

Los Angeles, CA 90025

Tel: 310-917-4500

Fax: 310-917-5677

**Attorneys for Defendant Subaru of America, Inc.**

Dated: April 3, 2020                                MELTON LAW

By:_____/s/ Amy L. Hajduk_____
                        Amy L. Hajduk
                        Attorney for Plaintiff Anna Dolmazyan