# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| ANNA DOLMAZYAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SUBARU OF AMERICA, INC.,<br><br>　　　　Defendant. | CV 20-02132 TJH (KSx)<br><br><br>Order |

　　　The Court has considered Plaintiff Anna Dolmazyan's motion to remand, together with the moving and opposing papers.

　　　On January 30, 2020, Dolmazyan filed this action in the Los Angeles Superior Court against Defendant Subaru of America, Inc. ["Subaru"] over a car Dolmazyan leased from Subaru, alleging a violation of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.* ["Song-Beverly"]. On March 4, 2020, Subaru removed on the basis of diversity jurisdiction. In its notice of removal, Subaru alleged that: (1) The parties are sufficiently diverse because Dolmazyan is a citizen of California and Subaru is a citizen of New Jersey; and (2) The amount in controversy threshold is met given, *inter alia*, Dolmazyan's request for attorneys' fees. The basis for Subaru's allegation regarding Dolmazyan's citizenship was her address on the 2017

lease agreement.

Dolmazyan, now, moves to remand. Dolmazyan, also, seeks attorneys' fees for the time expended on the motion to remand.

This Court has diversity jurisdiction over civil actions between parties who are citizens of different states where the action involves an amount in controversy that exceeds $75,000.00. 28 U.S.C. § 1332. As the removing party, Subaru bears the burden of establishing that this Court has jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Any doubt about the right of removal must be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Dolmazyan argued that this action should be remanded because: (1) Subaru failed to provide sufficient evidence to establish that she is a citizen of California; and (2) The amount in controversy does not exceed $75,000.00.

As an initial matter, the parties' arguments over Dolmazyan's citizenship is perplexing. In response to Subaru's allegations in the notice of removal that Dolmazyan is a citizen of California, she did not assert that she is **not** a citizen of California but, rather, argued that the evidence Subaru used in support of its allegation was three years old and insufficient to establish that she is, currently, a citizen of California. In its opposition, rather than provide more current evidence, Subaru merely argued that its three year old evidence was sufficient and ignored the rule that diversity of citizenship must be determined as of the date of removal. *See Strotek Corp v. Air Transport Ass'n. of Am.*, 300 F.3d 1129, 1131-1132 (9th Cir. 2002).

Diversity of citizenship issues, aside, Subaru failed to establish that the amount in controversy, here, exceeds $75,000.00. The parties agree that the total sum paid under the lease agreement was $18,276.10. Assuming that Dolmazyan could recover the total sum paid under the lease agreement, plus two times that amount for civil penalties recoverable under Song-Beverly, those amounts add up to $54,828.30. In the notice of removal, Subaru asserted that attorneys' fee awards in Song-Beverly cases are high and summarily concluded that "adding attorneys [sic] fees already incurred and

prospective attorneys' fees to the $54,828.30 figure… takes the amount in controversy figure beyond the statutory minimum of $75,000.00." Although the Court must take into account attorneys' fees in determining the amount in controversy, Subaru's assertion that the amount of attorneys' fees, here, would push the amount in controversy over $75,000.00 is speculative and conclusory. *See generally, Sanchez v. Ford Motor Co.*, CV 18-08023-RGK-SKx, 2018 WL 6787354, *1 (C.D. Cal. Dec. 4, 2018). Accordingly, Subaru failed to establish its burden that the amount in controversy threshold is met, here. *See Kokkonen*, 511 U.S. at 377.

Further, the Court declines to exercise its discretion to award attorneys' fees. *See Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015).

Accordingly,

It is Ordered that the motion to remand be, and hereby is, Granted.

It is further Ordered that the request for attorneys' fees be, and hereby is, Denied.

Date: July 6, 2020

_____
Terry J. Hatter, Jr.
Senior United States District Judge